JOURNAL ENTRY and OPINION.
{¶ 1} Defendant-appellant Mary Feltes appeals from her conviction for petty theft following a bench trial in the Berea Municipal Court.
 {¶ 2} Appellant asserts her conviction is supported by neither sufficient evidence nor the weight of the evidence. She further asserts her retained counsel, who also represented her co-defendant, provided constitutionally ineffective assistance. Finally, appellant asserts defense counsel's conflict in representing both defendants was so blatant that the trial court acted improperly in failing to inquire into the matter.
 {¶ 3} Following a review of the record, however, this court disagrees with appellant's assertions. Her conviction, therefore, is affirmed.
 {¶ 4} Appellant's conviction results from accompanying her adult daughter, Tracy, to an appointment. On March 13, 2001, the two women were on their way to a doctor's office located at the Southwest General Hospital campus, but decided first to detour to the local Marc's Discount Store in order to do some shopping.
 {¶ 5} As appellant shopped in the Middleburg Heights store, she caught the attention of the store's Loss Prevention Detective, Judy Foley. Foley was an employee who had worked for the organization for eleven years. Her duties were to protect the merchandise by walking the premises in ordinary clothing during business hours in order to observe the persons inside the store.
 {¶ 6} At the time Foley first noticed appellant, appellant was pushing a shopping cart into the "household items" aisle.[1] Appellant's cart held only a few articles, but two articles were particularly striking: large cartons. Foley knew that each of these cartons contained twelve cardboard pieces; each piece of cardboard, when assembled, opened into an individual storage box for legal-sized folders.
 {¶ 7} The display area where storage boxes of many types had been placed was "around the corner" approximately seven feet away from the household items aisle. Fully-assembled individual boxes were displayed together in stacks with a single price sign atop the entire display. Boxes intended for assembly, however, had been left in their cartons; the cartons were simply stacked beside the walkway. On an open carton of the type appellant had placed into her cart, a sign had been mounted indicating the price of that type of storage box was $.99. Thus, the total price of two entire cartons of twelve pieces each was $23.76.
 {¶ 8} Foley seemed to be another store customer interested in making her own purchase, but she stood only about three feet from appellant's daughter. Upon appellant's arrival, Foley saw appellant approach Tracy, then the two women looked at the shelves that contained bottles of laundry detergents and bleach. Appellant pulled out a few bottles. She placed one into the cart, and attempted to "scratch" at the price tags of some others. Tracy quickly stooped to the bottom and began "pulling out different ones, showing them to [appellant]. [Appellant] then reached to a bottle of Trend and slid it out, pulled the price tag off. It came off very clean[ly.]" Appellant turned to the shopping cart and placed the price tag on the top carton. Tracy at that point rose from her crouching position, and the two of them proceeded to the cash registers.
 {¶ 9} Knowing the price of the bottle of Trend had been stated as "2/$5.00," Foley followed. At the store lobby area, she observed appellant exit the store while Tracy waited in line. The cashier looked at the price tag that had been placed on the top carton, and charged Tracy $5.00 for both cartons. The total for the items in the Feltes' shopping cart came to $8.40.
 {¶ 10} Foley stopped Tracy at the store's exit, detained her, then sought appellant in the parking lot. Foley escorted the two women to a private room for questioning. Although Foley had seen the price-tag switch, the two maintained they had done "nothing wrong." Since they would not admit to the action, Foley summoned the police. She took photographs of the relevant store displays while the women were held in custody for the police arrival.
 {¶ 11} Appellant and her daughter both were charged with violation of Middleburg Heights Ordinance Section ("MHO") 642.02, Petty theft. They retained an attorney to represent them together in the matter.
 {¶ 12} The cases were called for trial on January 24, 2002. At the outset, the city prosecutor recommended they be tried together "in the interest of time." The trial court thereupon inquired of defense counsel if he agreed; he stated he had no objection.
 {¶ 13} The city presented Foley as its only prosecution witness. As she testified, she identified one of the cartons that she found in appellant's cart, and was permitted to describe what the photographs she had taken depicted. Defense counsel had no objection to these prosecution exhibits.
 {¶ 14} Appellant and Tracy then testified in their defense. Appellant claimed she had macular degeneration of the eyes and her eyesight was "very poor." She testified she had asked Tracy what the prices were for certain products in the household items aisle. Since Tracy informed her the price of "Clorox" was thirty cents less than the stores in their area charged, she placed a bottle into the cart. She declared she had neither taken the price sticker off of a bottle nor placed a wrong price sticker on the carton.
 {¶ 15} Tracy corroborated her mother's version of the incident, but asserted she had purchased a different type of box than the type Foley had brought to trial as an exhibit. She further claimed that appellant shifted items in the cart to make room for the bottle of bleach, so she had moved the cartons.
 {¶ 16} After hearing the arguments of counsel, the trial court found each of the women guilty of the offense. Appellant's sentencing hearing subsequently was delayed for many months; eventually, the trial court sentenced her to pay a fine and to spend 180 days in jail, but suspended the jail term and placed appellant on probation for a year.[2]
 {¶ 17} Appellant's appeal of her conviction presents four assignments of error for review. They will be addressed in logical order and combined when appropriate.
 {¶ 18} Appellant's fourth and first assignments of error state:
 {¶ 19} "IV. The city of Middleburg Heights failed to present sufficient evidence to lead a rational trier of fact to conclude that all elements of the offense charged were proven beyond a reasonable doubt.
 {¶ 20} "I. Appellant's conviction for petty theft was not supported by the manifest weight of the evidence."
 {¶ 21} Appellant argues her conviction was supported by neither sufficient evidence nor the weight of the evidence. Her argument is unpersuasive.
 {¶ 22} The sufficiency of evidence is a question of law, and is essentially, "a test of adequacy." State v. Thompkins, 78 Ohio St.3d 380,386, 1997-Ohio-52. The evidence must be viewed in a light most favorable to the prosecution to determine if reasonable minds can reach different conclusions as to whether the material elements of an offense are proven beyond a reasonable doubt. State v. Dennis, 79 Ohio St.3d 421,1997-Ohio-372; State v. Martin (1983), 20 Ohio App.3d 172.
 {¶ 23} In reviewing the weight of the evidence, this court examines the entire record to determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way, creating a manifest miscarriage of justice that requires reversal of the conviction. Statev. Thompkins, supra. This court remains mindful that the weight of the evidence and the credibility of the witnesses are matters primarily for the trier of fact to consider. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 24} In this case, the trial court had eyewitness testimony corroborated by photographs that proved the elements of MHO 642.02. Foley stated she saw appellant remove a price tag from a bottle of detergent and place it on one of the cartons in the shopping cart. Foley testified that while the individual boxes inside those cartons had no price tags, they were placed in a display that indicated the price of each box was ninety-nine cents. The bottle from which Foley saw appellant remove the price tag, however, indicated the bottles were "2/$5.00."
 {¶ 25} The trial court also was shown Tracy's receipt, which indicated she paid a total price of only $8.40 for every item she and appellant had purchased. From this evidence, reasonable minds could conclude appellant intended to deceive the store cashier in order to obtain the boxes for a lesser amount than they actually were priced.
 {¶ 26} Moreover, the trial court had the opportunity to observe both Foley and appellant as they testified. At the conclusion of trial, the court stated it found Foley's testimony to be both "compelling and credible." Appellant, on the other hand, failed entirely to explain how the cartons in the shopping cart came to be there; she also gave inconsistent statements regarding the time of Tracy's appointment.
 {¶ 27} The trial court thus was presented with sufficient evidence to sustain the elements of the offense of petty theft, and its finding of guilt finds support in the weight of the evidence. State v. Arthur, Scioto App. No. 01CA2818, 2002-Ohio-3764; Cleveland v. Troupe (Aug. 1, 1996), Cuyahoga App. No. 69324. Appellant's fourth and first assignments of error, accordingly, are overruled.
 {¶ 28} Appellant's second and third assignments of error state:
 {¶ 29} "II. Appellant was denied her right to effective assistance of counsel at trial.
 {¶ 30} "III. The trial court committed reversible error in failing to conduct a hearing on the clear conflict of interests associated with defense counsel representing both appellant and her co-defendant."
 {¶ 31} Appellant claims the attorney she retained to represent her and her daughter provided ineffective assistance in defending her individually. In a related argument, appellant asserts the trial court improperly failed to make an inquiry into her attorney's dual representation. This court disagrees.
 {¶ 32} Appellant's claim of ineffective assistance of counsel requires her to demonstrate that counsel not only fell below an objective standard of reasonable representation, but that she was prejudiced thereby. State v. Bradley (1989), 42 Ohio St.3d 136. Trial counsel is strongly presumed to have acted in a professional manner; counsel is not, however, required to perform vain acts. State v. Johnson (May 31, 2001), Cuyahoga App. No. 78305.
 {¶ 33} Appellant's initial dispute with counsel's performance falls into the foregoing category. She complains trial counsel should have objected to permitting the city to introduce into evidence portions of Foley's testimony and the photographs. This would have been an exercise in futility, since Foley certainly could testify to what she observed; moreover, she authenticated the photographs. Foley stated she had taken them only a few minutes after the incident while waiting for the police to arrive and, further, that they were accurate depictions of the areas she described. Evid.R. 901. Thus, no reason to challenge the evidence existed.
 {¶ 34} Appellant next disputes her attorney's dual representation of herself and her daughter. Appellant raises this issue although, presumably, the arrangement was her own idea. She contends, in addition, that the trial court committed error in failing on its own initiative to question the arrangement. Nothing in the record, however, supports either her disputation or her contention.
 {¶ 35} A lawyer represents conflicting interests when, on behalf of one client, it is his duty to contend for something which his duty to the other requires him to oppose, i.e., he is presented with conflicting duties in fully representing each client. State v. Manross (1988),40 Ohio St.3d 180, 182. A defendant who raises an issue of conflict of interest after trial must demonstrate an "actual" one existed, rather than only a "serious potential" for one. Id., at the syllabus. Appellant in this case cannot make such a demonstration.
 {¶ 36} The record reflects from the time Foley first accosted them, appellant and her daughter maintained a united front of innocence. Indeed, choosing to hire only one attorney to represent them both was a tactic that added weight to this defense. The defense maintained Foley was either mistaken or vindictive in her accusation that the two women had acted together in committing the offense.
 {¶ 37} Moreover, the trial court inquired at the outset of the proceedings if the defendants desired separate trials. Neither appellant nor her daughter protested when their attorney assented to the prosecutor's request, in the interest of convenience, to consolidate the women's cases. Furthermore, their subsequent individual testimonies supported each other's version of the incident.
 {¶ 38} Appellant's suggestion on appeal that defense counsel could have chosen to throw suspicion for the crime onto her daughter not only flies in the face of the defense theory of the case, but presents only a "potential" conflict rather than the existence of an actual one. Consequently, her suggestion remains unpersuasive. State v. West, Cuyahoga App. No. 79404, 2002-Ohio-2242.
 {¶ 39} The record supports a conclusion that trial counsel, therefore, did not fall below an objective standard of reasonable representation. State v. Smith (1985), 17 Ohio St.3d 98. It further supports a conclusion that the trial court committed no error in failing to make an inquiry regarding the possibility of a conflict of interest in counsel's representation. State v. Manross, supra; cf. State v. Dillman
(1990), 70 Ohio App.3d 616. Accordingly, appellant's second and third assignments of error also are overruled.
Appellant's conviction is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Berea Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J. and TIMOTHY E. McMONAGLE, J. concur.
[1] Quotes indicate testimony given by a witness at trial.
[2] The trial court later ordered appellant's sentence stayed pending the outcome of her appeal.